IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WASHINGTON,** | : | **CIVIL NO. 1:CV-11-01287** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES PAROLE** | : | |
| **COMMISSION,** | : | |
| | : | |
| **Respondent** | : | |

## M E M O R A N D U M

Before the court is a petition for writ of mandamus filed by Petitioner James

Washington, a District of Columbia ("D.C.") parolee being held on an executed

D.C. parole violator warrant.  Petitioner argues that the United States Parole

Commission ("USPC") failed to provide him with a probable cause determination

and parole revocation hearing within the time provided in their regulations.  As

relief, he seeks an order directing the USPC to conduct a parole revocation hearing.

He also requests sanctions.  For the reasons that follow, the petition will be

dismissed in part and denied in part.

I. **Background**

A. **Facts**

Respondent provides the following pertinent facts with respect to the status of Petitioner's revocation hearing.[1]  On June 3, 2005, Petitioner was sentenced by the District of Columbia Superior Court to a five-year term of imprisonment for armed robbery and possession of a firearm during a crime of violence, with a subsequent three-year term of supervised release.  (Doc. 8 at 2.)  Petitioner began his supervised release term on or about August 3, 2009.  (*Id*. at 2-3.)  Under the conditions of supervision, Petitioner was to remain in the Washington D.C. metropolitan area, including the District of Columbia, Prince George's and Montgomery Counties in Maryland, and Arlington and Fairfax Counties in Virginia.  (*Id*. at 3.)

On March 3, 2011, the USPC issued a warrant charging Petitioner with violating the conditions of supervision by leaving the district of supervision without permission, and failing to report to his supervising officer as directed.[2]  (*Id*.)  On March 21, 2011, the USPC supplemented its warrant with additional law violation charges of robbery, aggravated assault, simple assault, theft by unlawful

---

[1] In support of the facts set forth in its response, Respondent attaches nine exhibits confirming the facts asserted.  (Doc. 8-1.)

[2] Pursuant to the transfer of authority established by the National Capital Revitalization & Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745; D.C. Code § 24-1231, jurisdiction over D.C. warrants was transferred from the District of Columbia Board of Parole to the USPC.

taking or disposition, and retail theft.[3]  (*Id.*)  Petitioner had been arrested on those

charges by North Middleton Township, Pennsylvania police on February 4, 2011.

(*Id.*)

On March 21, 2011, the United States Marshal Service executed the USPC's

parole violater warrant as to Petitioner.  (*Id.* at 4.)  In a letter dated March 21, 2011,

the USPC requested that the United States Probation Office for the Middle District

of Pennsylvania conduct a preliminary interview.  (*Id.*)  On March 22, 2011, a

preliminary interview was conducted.  (*Id.*)  At the interview, Petitioner denied all

of the charges, but admitted to being arrested on the law violation charges.  (*Id.*)

Petitioner requested appointment of counsel for a local revocation hearing, and

requested an adverse witness.  (*Id.*)

By letter dated June 6, 2011, the USPC informed Petitioner that it had found

probable cause to believe that he had violated the conditions of supervision as

charged, and that a local revocation hearing would be scheduled.  (*Id.*)  That local

revocation hearing was scheduled for September 9, 2011.  (*Id.*)

In a subsequent status report filed on February 28, 2012, the Respondent

provided the following further facts related to the status of Petitioner's revocation

hearing.  (Doc. 10.)  On September 7, 2011, two days before the scheduled

---

[3] This supplement was based on a February 1, 2011 incident in which Petitioner and a
female co-defendant allegedly exited a grocery store with a cart full of unbagged and unpaid
items.  (Doc. 8 at 3.)  When the store manager approached the couple, Petitioner struck him in
the face, causing a 2-inch laceration under his eye.  (*Id.*)

3

revocation hearing, Petitioner's counsel requested a continuance of the local revocation hearing pending the outcome of the state criminal proceedings against Petitioner, scheduled for October 10, 2011.[4]  (Doc. 10 at 1.)  On December 5, 2011, the USPC requested that Petitioner's counsel update it on the status of the state criminal charges.  (*Id*.)  The USPC also informed counsel that it had learned from the National Crime Information Center that Petitioner had pleaded guilty to retail theft and robbery on November 1, 2011, and inquired whether sentencing had taken place.  (*Id*. at 1-2.)  The state sentencing was scheduled for December 20, 2011.  (*Id*. at 2.)  Because of the new conviction, Petitioner was no longer entitled to a local revocation hearing; rather, the USPC converted his case to one in which an institutional revocation hearing was required.[5]  (*Id*.)

On January 5, 2012, the Federal Public Defender's Office informed the USPC that Petitioner had been moved from the Northern Neck Regional Jail in Virginia to the District of Columbia Jail on January 4, 2012.  (*Id*.)  Respondent states,

> It appears this happened because [Petitioner] was supposed to have
> been sentenced on December 20, 2011, and the United States

---

[4] In support of the facts set forth in the status report, Respondent attached nine exhibits confirming the facts asserted.  (Doc. 10 at 2-13.)

[5] As set forth by Respondent, pursuant to 28 C.F.R. § 2.102(a), whether or not a parolee is entitled to a local revocation hearing rather than an institutional hearing turns on whether he has either admitted to the charges against him or received a new conviction while on parole.  *Id*. An institutional hearing is required if a parolee received a new conviction, and a local hearing is required if a parolee has denied all the charges against him.  *Id*.

> Marshals Service believed that sentencing had occurred; however, the
> state court continued his sentencing to January 17, 2012, directing the
> Probation Service to provide information regarding whether or not
> [Petitioner] was serving a federal sentence.

(*Id.*)  In his reply to the status report, Petitioner adds that he was in fact moved out of the state on December 12, 2011, prior to the state sentencing scheduled for December 20, 2011.  (Doc. 11 at 1-2.)

On January 6, 2012, the USPC again informed Petitioner that it had found probable cause to believe he had violated the conditions of supervision as charged, and was ordering his transfer to a federal institution for an institutional revocation hearing.  (Doc. 10 at 3.)  On that same day, the USPC requested that the Federal Bureau of Prisons ("BOP") designate Petitioner to a federal institution.  (*Id.*)  As conceded by Respondent, this request for designation was sent in error, as the USPC was under the mistaken belief that state sentencing had occurred as scheduled on December 20, 2011.  (*Id.*)

By communication dated January 26, 2012, the USPC informed the Marshals Service that Petitioner had been moved out of Pennsylvania before his state sentencing, and requested that he be moved back to the Cumberland County Jail in Pennsylvania for sentencing on the new state conviction.  (*Id.*)  In its response to the USPC request, the Marshals Service stated that it would try to move him as requested.  (*Id.*)  Thereafter, Petitioner was designated to the Federal Detention Center in Philadelphia, Pennsylvania, where he was confined as of the

date of the filing of the status report on February 28, 2012. (*Id*.) On that date, the USPC requested that the BOP cancel the designation of Petitioner and allow the Marshals Service to transport him to the Middle District of Pennsylvania for sentencing in the state matter. (*Id*. at 3-4.) Petitioner's revocation hearing will be conducted following the state sentencing. (*Id*. at 4.)

### B.   Procedural History

Petitioner filed his petition for writ of mandamus on July 11, 2011, requesting an order directing Respondent to schedule a revocation hearing. (Doc. 1.) By order dated July 26, 2011, the court directed service of the petition on Respondent. (Doc. 4.) On August 29, 2011, Respondent filed a response to the petition, arguing that the petition was moot because Respondent's revocation hearing had been scheduled and thus the relief requested had been granted. (Doc. 8.) On February 21, 2012, the court directed Respondent to file a status report informing the court of the status of Petitioner's revocation hearing. (Doc. 9.) On February 28, 2012, Respondent filed a status report. (Doc. 10.) Petitioner filed his reply on February 29, 2012. (Doc. 11.) Thus, the petition is ripe for disposition.

## II.   Discussion

In the response to the instant petition, Respondent argues that the petition should be dismissed in part and denied in part. Specifically, Respondent contends that the petition should be dismissed as moot because Petitioner has received the

remedy he requested.  In addition, Respondent argues that Petitioner's request for sanctions should be denied.  The court will address each argument in turn.

### A.    Probable Cause Determination & Revocation Hearing

As stated above, Respondent argues that the petition is moot because Petitioner has received the remedy he requested.  Upon review, the court will dismiss as moot Petitioner's claim regarding a probable cause determination, but deny without prejudice his claim regarding a revocation hearing.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies."  U.S. CONST., art. III, § 2; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993).  Federal courts lack authority to decide moot cases.  *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964).  If events occur during litigation that eliminate the plaintiff's personal stake in the outcome of the suit, the case must be dismissed as moot.  *Rosetti*, 12 F.3d at 1224.

In the present case, Petitioner seeks a court order requiring the USPC to advise him of its probable cause determination and hold a parole revocation hearing.  Turning first to the probable cause determination, Respondent attaches to his response a USPC letter to Petitioner dated June 6, 2011, informing Petitioner of its probable cause determination.  (Doc. 8-1 at 33-35.)  Thus, as Petitioner's requested remedy has been received, the claim regarding a probable cause determination will be dismissed as moot.

As to the revocation hearing, Respondent contends that Petitioner's claim is moot because, although the hearing originally scheduled for September 9, 2011 did not take place, the parties have agreed that a hearing will be rescheduled once Petitioner has been sentenced on his state charges.  Respondent stresses that it is Petitioner's counsel who has requested that the revocation hearing take place after Petitioner is sentenced on his state charges.[6]  (Doc. 10 at 4.)  Petitioner does not deny this assertion.  (*See* Doc. 11.)  Thus, the pertinent issue here, according to Respondent, is whether Petitioner's claim with respect to the revocation hearing is moot since the USPC has agreed not to schedule the revocation hearing until after Petitioner has been sentenced in state court.  However, for the reasons set forth below, this claim will not be dismissed as moot; rather it will be denied without prejudice.

A parolee is entitled to a revocation hearing within a reasonable time.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).  To obtain relief, the parolee must demonstrate not only that the delay was unreasonable, but also that the delay

---

[6] Attached as an exhibit to Respondent's status report is an email from the USPC which states, in part,

> [USPC] received a telephone call from [Petitioner's counsel] who, on behalf of [Petitioner], requested a continuance of the Local Hearing pending the outcome of court proceedings.  Based on information provided, [Petitioner] is scheduled for trial on 10/10/11.  The outcome of the trial will determine if a Local or Institutional Hearing is applicable.  The continuance is granted.

(Doc. 10-1 at 3.)  Further exhibits attached indicate that Petitioner's revocation hearing is to be scheduled once he is sentenced in state court.  (*Id*. at 4-13.)

resulted in prejudice.  *See Vargas v. United States Parole Comm'n*, 865 F.2d 191, 194 (9th Cir. 1988) ("[A] preliminary hearing delay of 40 days without any prejudice is not unreasonable"); *Heath v. United States Parole Comm'n*, 788 F.2d 85, 89-90 (2d Cir. 1986) ("Absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute."); *Maslaukas v. United States Bd. of Parole*, 639 F.2d 935, 938 (3d Cir. 1980) (finding that where petitioner asserts unlawful delay of dispositional review of detainer, habeas relief was improper because petitioner had failed to show that the delay was unreasonable and prejudicial). Here, Petitioner has not demonstrated that a delay in his revocation hearing is unreasonable and prejudicial, or is based on bad faith on the part of the USPC. While the record shows that there was some confusion as to when Petitioner's state sentencing would occur, the court is not willing to accept that any delay on the part of USPC in holding the revocation hearing was based on unreasonable or prejudicial tactics or motives.  In fact, it was Petitioner's own counsel who requested a continuance of the hearing pending the outcome of the state sentencing proceedings.  (*See* Doc. 10-1 at 3.)  Further, as noted by Respondent, Petitioner will not be prejudiced because (1) his period of confinement and subsequent supervision will not be lengthened by his not having had an earlier revocation hearing, (2) his sentence has not been shortened or lengthened as a result of the hearing's delay, and, (3) should Petitioner again violate the conditions of

supervision and return to custody, the hearing's delay will have no impact on any further decisions with respect to Petitioner.  (Doc. 8 at 6-7) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).  In short, given this record before the court, Petitioner has failed to establish that the delay in the scheduling of his revocation hearing is unreasonable or prejudiced him in any manner.

Moreover, the court is aware that pursuant to 28 C.F.R. § 2.101, if a parolee is convicted of a new crime, as is the case here, an institutional revocation hearing shall be scheduled within ninety days of the parolee's retaking.  *See* 28 C.F.R. § 2.101(e).  In this case, the relevant date for determining the timeliness of Petitioner's revocation hearing is March 21, 2011, the date the warrant was executed.  To date, Petitioner's revocation hearing has not been scheduled and thus does not fall within the mandated ninety-day time frame.  However, Petitioner's counsel requested a continuance of Petitioner's revocation hearing pending the outcome of the state proceedings against him.  To that end, the court takes judicial notice of the fact that Pennsylvania's Unified Judicial System webportal indicates that Petitioner was directed to appear for sentencing in the Cumberland County, Pennsylvania court on February 28, 2012, and his sentence was imposed on March 1, 2012.  *Commonwealth v. Washington*, CP-21-CR-0000471-2011 (*available at* http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-21-CR-0000471-2011).  Although the warrant as to Petitioner was executed on March

21, 2011, the USPC, at the request of Petitioner's counsel, agreed to continue Petitioner's revocation hearing to a time after he was to be sentenced in state court, thus converting his hearing to an institutional hearing rather than a local hearing. (*See* Doc. 10-1 at 3.)  Due to counsel's role in this determination, the court again finds that the delay in scheduling the revocation hearing was neither unreasonable nor prejudicial to Petitioner.

Importantly, now that Petitioner has been sentenced in state court only very recently, it is incumbent on the USPC to conduct Petitioner's revocation hearing. The court would expect the USPC to conduct this hearing "within a reasonable time."  *See Morrissey*, 408 U.S. at 489.  In an abundance of caution to Petitioner's rights with respect to a revocation hearing, the court will direct Respondent to notify the court of the date set for the revocation hearing within thirty (30) days of such scheduling.

**B.**    **Sanctions**

In his petition, Petitioner also requests that the court impose sanctions based on the USPC's failure to comply with its regulations.  Given the record in this case, the court is not inclined to do so, and therefore that request will be denied.

**III.** **Conclusion**

For the reasons set forth herein, the petition for writ of mandamus will be dismissed in part and denied in part.  An appropriate order will issue.


 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 9, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WASHINGTON,** | : | **CIVIL NO. 1:CV-11-01287** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES PAROLE** | : | |
| **COMMISSION,** | : | |
| | : | |
| **Respondent** | : | |

## O R D E R

**AND NOW**, for the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the petition for writ of mandamus (Doc. 1) is **DISMISSED** in part and **DENIED** in part as follows:

1) Petitioner's claim regarding a probable cause determination is **DISMISSED AS MOOT**.

2) Petitioner's claim regarding a revocation hearing is **DENIED**.

3) Petitioner's request for sanctions is **DENIED**.

4) Respondent is directed to notify the court within thirty (30) days of the scheduling of a revocation hearing as to Petitioner.

5) The Clerk of Court is directed to **CLOSE** this case.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated:  March 9, 2012.